IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM VICTOR, | : |
| Plaintiff | : |
| v. | : Case No. 2:17-cv-984-KAP |
| CORRECTIONS OFFICER BURNS, | : |
| *et al.*, | : |
| Defendants | : |

Memorandum Order

William Victor is an inmate in the custody of the Pennsylvania Department of Corrections as a result of 40-80 year aggregate sentence from the Monroe County Court of Common Pleas for burglary, robbery, and rape, to which the Fayette County Court of Common Pleas added a consecutive 18-36 month aggregate sentence for simple assault, disorderly conduct, and harassment. *See* Commonwealth v. Victor, 307 A.3d 645 (table) text at 2023 WL 6566122 (Pa.Super.2023). While in custody for the last two decades plaintiff Victor has filed several lawsuits that originate in his altercations with corrections officers. *See e.g.* Victor v. Levan, Case No. 1:22-cv-1037-MCC (M.D.Pa.)(alleging attack by corrections officers at S.C.I. Dallas); Victor v. Lawler, Case No. 3:08-CV-1374 (M.D. Pa.) (alleging attacks by corrections officers at S.C.I. Huntingdon). He has also filed enough complaints dismissed as meritless that he is now barred from proceeding *in forma pauperis* as a result of the three strikes provision of the Prison Litigation Reform Act. *See* Victor v. Harry, Case No. 3:24-cv-781-JKM-MP (M.D.Pa.).

This matter began in the summer of 2017, when plaintiff Victor filed a complaint alleging that on April 28, 2017, he had been the victim of an unprovoked attack by corrections officers at S.C.I. Fayette who were motivated by racism and hostility to his litigation activity. ECF no. 2. *See also* ECF no. 77, Plaintiff's Pretrial Statement. A number of defendants had been weeded out by mid-2018 because plaintiff had failed to exhaust administrative remedies against them, *see* ECF no. 41 and ECF no. 46. When in 2019 the matter had proceeded to the pretrial conference stage against the two remaining corrections officers, Burns and Lilley (sued as Lilly), I became aware that the Commonwealth had filed criminal charges against plaintiff Victor, and in early 2020 I learned that plaintiff Victor had been convicted of assault charges against at least one defendant at Commonwealth v. Victor, CP-26-CR-2764-2018 (C.P. Fayette).

Accordingly, in the Spring of 2020 I issued a *Celotex* order requiring the parties to come forward with whatever evidence they had indicating that plaintiff Victor had any viable claim after his conviction. ECF no. 94, ECF no. 96. By the summer of 2020

1

plaintiff Victor had responded; he also advised that his conviction was not final. I therefore stayed the matter pending appellate review, several times reminding the parties to advise me when appellate proceedings were complete. ECF no. 100. *See also* ECF no. 102; ECF no. 104; ECF no. 108. My last such reminder was in September 2023.

In my beginning of the year inventory of my cases, I discovered today that the direct appeal was decided in October 2023, *see* Commonwealth v. Victor, *supra*, 2023 WL 6566122. A check of this court's docket and the state court docket indicates that no timely collateral attack on the conviction has been commenced in this district or in Fayette County.

Accordingly, plaintiff Victor's conviction of simple assault on defendant Burns is a fact not subject to dispute or contrary decision by a jury. That conviction was based on testimony by defendant Burns that plaintiff Victor sucker-punched him when defendant Burns entered plaintiff Victor's cell at plaintiff's request to inspect a clogged toilet. The conviction is fatally inconsistent with plaintiff's allegation of facts that several officers entered plaintiff's cell, having plotted to carry out a racially motivated attack and to retaliate against plaintiff for filing grievances.

As I said several years ago, precedent is clear that plaintiff Victor's conviction is not a legal bar to every conceivable Whitley v. Albers claim. For instance, if Victor had claimed that he threw a punch but was subsequently restrained and that once restrained he was sadistically beaten by defendant Burns or others, that is an account that a jury could conceivably accept. But that is not Victor's claim (*see* ECF no. 99 at 1: from the outset defendants' use of force was "unprovoked"), and summary judgment is not an exercise in "if you don't believe this account, I can give another one at trial." Nor is a district court required to imagine other what other exceptions to the preclusive effect of the criminal conviction might exist, because courts do not forage the record to make a case for a party. Scott v. Vantage Corporation, 845 Fed.Appx. 170, 179 (3d Cir. 2021), *citing* Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1029 (9th Cir. 2001)(in turn quoting Forsberg v. Pacific N.W. Bell Tel. Co., 840 F.2d 1409, 1418 (9th Cir. 1988)) and Herman v. City of Chicago, 870 F.2d 400, 404 (7th Cir. 1989). Plaintiff Victor cannot prevail while his conviction stands because the finding, beyond a reasonable doubt, that he assaulted Burns is inconsistent with a claim that, more likely than not, Burns and several other officers were the unprovoked perpetrators of an assault on Victor. The finding is also inconsistent with plaintiff Victor's argument in the state court, Commonwealth v. Victor, *supra*, 2023 WL 6566122, that the events amounted to assault by mutual combat.

Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the record indicates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element to that party's case and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). A dispute is "genuine" if and only if the evidence is such that a reasonable jury properly instructed as to the substantive law governing the disputed claim or defense could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Where the evidence "is so one-sided that one party must prevail as a matter of law," summary judgment is appropriate. Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir.1990)(citations omitted).

The evidence that plaintiff was the aggressor, and therefore a threat to order, is one-sided. Corrections officers are permitted to use force to restore order, including uses of force that would not be acceptable in other contexts. Liability turns on whether force is applied in good faith or "maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986)(shotgun used against inmate plaintiff). *See also* Smith v. Mensinger, 293 F.3d 641, 648-49 (3d Cir.2002), *quoting* Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir.2000)(factors to be considered include the need for use of force, the relationship between the need and the amount of force used, the extent of injury inflicted, the threat to staff and other inmates perceived by the corrections officers, and any efforts made to temper the severity of the force used). Plaintiff Victor has never presented any evidence that his litigation activity was relevant to the events of April 28, 2017, and no jury can find that his account of several racist officers storming his cell to maliciously beat him is true because that is inconsistent with his criminal conviction.

Not that immunity needs to be considered but the Prison Litigation Reform Act also requires me at any time to consider whether the defendants are immune. Corrections officers, like other government officials who have to make judgments about how to respond to events, are qualifiedly immune and therefore shielded from liability for money damages when their conduct does not violate clearly established legal rights. *See* Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). That has both legal and factual dimensions. Corrections officers who "reasonably but mistakenly conclude" that their conduct conformed to the law they are entitled to immunity. *See* Hunter v. Bryant, 502 U.S. 224, 227 (1991)(*per curiam*). Qualified immunity therefore operates to protect officers from liability at the "sometimes hazy border between excessive and acceptable force," and to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful. *See* Couden v. Duffy, 446 F.3d 483, 492 (3d Cir.2006)(use of force under the Fourth Amendment). Hindsight evaluation of alternatives is not appropriate because the hallmarks of most uses of force is that the situation is "tense, uncertain, and rapidly evolving." *See* Southerland v. Pennsylvania, 389 Fed.Appx. 166, 171 (3d Cir.2010) (use of force under the Fourth Amendment). Legal liability under the Eighth

Amendment does not extend to any but the most extremely improper "decisions necessarily made in haste, under pressure, and frequently without the luxury of a second chance." Whitley v. Albers, *supra*, 475 U.S. at 320. The evidence plaintiff Victor submits supports a finding that defendant Burns, alone in a cell with Victor, responded to plaintiff Victor's second punch by punching him back, once, and that any further use of force was in an attempt by other responding officers to put Victor in restraints. ECF no. 99-4. That does not allow a finding that Burns or Lilley acted maliciously or sadistically, much less that the defendants' response to events so clearly violated legal norms that every officer in similar circumstances would recognize that "*particular* conduct," Mullenix v. Luna, 577 U.S. 7, 12 (2015)(use of force under Fourth Amendment) was unlawful.

Summary judgment is ordered for the remaining defendants. I note that plaintiff Victor, although able to begin and litigate to completion other civil matters while this one was stayed, *see e.g.* Victor v. Little, Case No. 2:22-cv-632-JS (E.D.Pa.), neither provided the Clerk with a change of address nor advised the Court that his criminal case had concluded. His *in forma pauperis* status is revoked because any appeal would not be in good faith. He is also now a three strike litigant and this matter, based on an almost eight-year old event, cannot possibly present any imminent danger of serious physical injury.

The Clerk shall mark this matter closed.

DATE: January 16, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel by ECF and by U.S. Mail to:

William Victor FK-7293
S.C.I. Phoenix
1200 Mokychic Drive
Collegeville, PA 19426

 and

William Victor FK-7293
S.C.I. Camp Hill
P.O. Box 8837
Camp Hill, PA 17001